1

2

3

4

5

6

7

8

9

# United States District Court
# Central District of California

10

11

MANUEL P. DOMINGO,

12

Plaintiff,

13

14

v.

15

WASHINGTON MUTUAL BANK, FA;

16

et al.,

17

Defendant.

18

19

Case No: 2:19-cv-05864-ODW (JPRx)

**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER [1]; AND DISMISSING CASE WITHOUT PREJUDICE**

20

## I.    INTRODUCTION

21         Plaintiff Manuel P. Domingo, appearing pro se, filed his Complaint on July 8,

22    2019, against various Defendants.  (Compl., ECF No. 1.)  From what the Court can

23    discern, Plaintiff is seeking to prevent Defendants[1] from foreclosing on his business

24    property located at 856 Kuhua Street, Lahaina, Hawaii 96761.  (Compl. ¶¶ 3, 48, 52.)

25

26

27

28

[1] Plaintiff identifies the following Defendants in his Complaint: "Washington Mutual Bank, FA; Washington Mutual Bank; Wamu Asset Acceptance Corp.; Lasalle Bank As Trustee For Securitized Trust Wamu Mortgage Passthrough Certificates 2007-HY7 Trust; Mortgage Electronic Registration System; Pennymac Corp./Pennymac Mortgage Services, LLC; Rushmore Loan Management Services, LLC/Rushmoore Loan Management; U.S. Bank National Association; JP Morgan Chase Bank, National Association; and Does 1 Through 10 Inclusive." (*See generally* Compl.)

Plaintiff did not file an application for a temporary restraining order as required by Local Rule 65-1. Instead, Plaintiff's Complaint seeks a temporary restraining order as his fifth cause of action. (Compl. ¶¶ 87–92.)

Based on the Court's review of the Complaint and related pleadings, the Court **DENIES** Plaintiff's request for a temporary restraining order[2] and **DISMISSES THIS ACTION WITHOUT PREJUDICE**.

## II. BACKGROUND

Plaintiff owned and operated a business located at 856 Kuhua Street, Lahaina, Hawaii 96761 (the "Subject Property"). (Compl. ¶ 3.) Based on the Complaint, the Court cannot ascertain with certainty each Defendants' relationship to Plaintiff. However, it appears that Defendants are banks that issued the original loan, serviced the loan, or engaged or assisted in the assignment of the loan. (*See* Compl. ¶¶ 4–9, 17–19.)

It is unclear what led to the instant lawsuit and whether Defendants have attempted to foreclose on the Subject Property. Nonetheless, Plaintiff "dispute[s] Defendants' superior colorable claim to legal title and equitable title of the [Subject Property]." (Compl. ¶ 13.) Further, Plaintiff alleges that "an actual controversy has arisen and now exists between the Plaintiff[] and Defendants . . . [and] Plaintiff[] desire[s] a judicial determination and declaration of its rights about the [Subject] Property and the corresponding Tangible Note and Deed of Trust." (Compl. ¶ 27.)

Based on these allegations, Plaintiff brings six causes of action: (1) lack of standing/wrongful foreclosure; (2) breach of contract; (3) quiet title; (4) slander of title; (5) temporary restraining order and injunctive relief; and (6) declaratory relief. (Compl. ¶¶ 50–96.)

---

[2] After carefully considering the papers filed in support of the request for temporary restraining order, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## III. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

"It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). Federal courts are under a continuing duty to confirm their jurisdictional power and "are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

### B. Temporary Restraining Order

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046,

1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The issuance of a temporary restraining order may not exceed 14 days "unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. Proc. 65(b)(2).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## IV. DISCUSSION

Plaintiff has not established that this Court has subject matter jurisdiction. Plaintiff's Complaint does not raise a federal question,[3] the United States is not a party, and there is no complete diversity. Although Plaintiff does not adequately allege the citizenship of any Defendant, Plaintiff alleges that he is domiciled and a resident of California and that Defendant Rushmoore Loan Management Services, LLC is located at 15480 Laguna Canyon Road, Irvine, California 92618. (Compl. ¶¶ 1–2, 22.) Thus, it does not appear that complete diversity exists. Accordingly, the Court lacks subject matter jurisdiction and must dismiss.

However, even if the Court had subject matter jurisdiction, Plaintiff's request for a temporary restraining order falls well short of the standard necessary for a temporary restraining order to issue. Plaintiff did not address any of the *Winter*

---

[3] Plaintiff alleges that this Court has jurisdiction pursuant to "the State Constitution and statute." (Compl. ¶ 1.)

factors. From the Court's review, Plaintiff has not established that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, or an injunction is in the public interest. Accordingly, Plaintiff's request for a temporary restraining order is **DENIED**.

## V.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's request for a temporary restraining order (ECF No. 1), and the case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 9, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**